UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**SPRING RENAE STROBBE**,

Debtor.

Case No. **05-63913-7**

## MEMORANDUM OF DECISION

At Butte in said District this 31st day of August, 2007.

In this Chapter 7 bankruptcy, after due notice, a hearing was held August 30, 2007, in Billings on Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) filed July 31, 2007, together with the objection thereto filed by creditor Nancy G. Schwartz ("Schwartz"). The Debtor, Spring R. Strobbe, was represented at the hearing by attorney Dane C. Schofield, and attorney Schwartz appeared on her own behalf. Debtor testified, and Debtor's Exhibit A was

1

admitted into evidence without objection.[1] This memorandum contains the Court's findings of facts and conclusions of law.

Debtor's instant motion was filed in accordance with Mont. LBR 4003-4, which provides:

A debtor shall move to avoid liens pursuant to 11 U.S.C. § 522(f)(1) by filing Mont. LBF 24. If a creditor files a response and requests a hearing within ten (10) days of the date of the motion, then the creditor shall notice the contested matter for hearing pursuant to Mont. LBR 9013-1 and shall provide that the hearing on the objection and response shall be scheduled at least 20 days after the date of the creditor's response and request for hearing. If the creditor fails to file a written objection to the debtor's motion, addressing with specificity the allegations contained therein, within ten (10) days of the date of the notice provided by Mont. LBF 24, the creditor shall be deemed to have waived any objection to avoidance of its lien.

Schwartz filed an objection to Debtor's Motion and scheduled the matter for hearing. Debtor's testimony established that Debtor and her former spouse were owners of a one-third interest in certain real property consisting of approximately 115 acres. Debtor's parents owned the other two-thirds interest in the property. The marriage of Debtor and her spouse was dissolved pursuant to a Decree of Dissolution. Schwartz represented Debtor in the divorce proceeding.

Pursuant to the Decree of Dissolution, Debtor and her former spouse were each awarded one-half of the one-third interest in the real property. Debtor's parents subsequently purchased the former spouse's one-sixth interest in the real property at a discounted price of $14,560.00.

Debtor asserts in her Motion for Valuation that her interest in the one-sixth interest in the

---

[1] Debtor's counsel failed to file a copy of Exhibit A with the Court in accordance with Mont. LBR 5074-1(b), which directs that "parties involved in video and in-person conferences and hearings shall exchange proposed witness and exhibit lists and copies of all proposed exhibits, and file such lists and exhibits with the Curt, at least three (3) business days prior to a hearing or trial."

real property is worth $12,000.00. However, Debtor testified that the entire 115 acres was previously valued at $130,000.00, and as noted above, Debtor's former spouse sold his one-sixth interest in the real property to Debtor's parents at a discounted price of $14,560.00. Debtor's bankruptcy petition was filed on October 6, 2005, and Debtor claims that her one-sixth interest in the real property is protected by a $100,000.00 homestead exemption.[2]

Schwartz has a lien in the amount of $5,082.33 against Debtor's interest in the real property as allowed under Mont. Code Ann. §37-61-420[3] for unpaid attorney fees stemming from the divorce proceeding. Debtor claims that Schwartz' lien impairs Debtor's homestead exemption. For the reasons discussed below, the Court disagrees with Debtor's position and thus denies Debtor's Motion.

The avoidance of liens, in general, is governed by 11 U.S.C. § 522(f), which provides in relevant part:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is-

---

[2] The parties apparently agree that Debtor resides on the real property and is entitled to a homestead exemption.

[3] Mont. Code Ann. § 37-61-420 reads:

Judgment lien for compensation. (1) The compensation of an attorney and counselor for his services is governed by agreement, express or implied, which is not restrained by law.

(2) From the commencement of an action or the service or an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim which attaches to a verdict, report, decision, or judgment in his client's favor and the proceeds thereof in whose hands they may come. Such lien cannot be affected by any settlement between the parties before or after judgment.

3

> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)[.]

By its plain terms, § 522(f)(1) applies only to judicial liens. Liens are generally categorized as judicial liens, statutory liens or consensual liens. "Those three categories are mutually exclusive and are exhaustive except for certain common law liens." *In re Harpole*, 260 B.R. 165, 19 Mont. B.R. 91, 98 (Bankr. D. Mont. 2001), *citing* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 312 (1977). The terms "judicial lien" and "statutory lien" are both defined in the Bankruptcy Code. A judicial lien is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A statutory lien, on the other hand, is a "lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute". 11 U.S.C. § 101(53). "'A statutory interest is only one that arises automatically, and is not based on an agreement to give a lien or on judicial action. Mechanics' [construction], materialmen's and warehousemen's liens are examples. Tax liens are also included in the definition of statutory lien.' *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 314 (1977). *See also In re Zerger*, 35 B.R. 42, 43-4 (Bankr. Or. 1983); *In re Koski*, 149 B.R. 170, 176-77 (Bankr. Idaho 1992); *In re O'Connell*, 13 Mont. B.R. 271, 274-75 (Bankr. Mont. 1994)."

The lien held by Schwartz arises solely by statute and is clearly a statutory lien. In other words, no legal or equitable process or proceeding is required to determine whether Schwartz is entitled to her lien. The mere fact that enforcement of a lien may require resort to the courts does

not transform the lien into a judicial lien. *See Evans Products Co. v. Ribeiro (In re Ribeiro)*, 7 B.R. 359, 361 (Bankr. D. Mass.1980).

The Court's finding comports with the spirit of § 522(f). As explained by the United States Supreme Court in *Farrey v. Sanderfoot*, 500 U.S. 291, 297-98, 111 S.Ct. 1825, 1829-30:

> Congress enacted § 522(f) with the broad purpose of protecting the debtor's exempt property. *See* S.Rep. No. 95-989, p. 77 (1978); H.R.Rep. No. 95-595, *supra*, at 126-127. Ordinarily, liens and other secured interests survive bankruptcy. In particular, it was well settled when § 522(f) was enacted that valid liens obtained before bankruptcy could be enforced on exempt property, *see Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 582-583, 55 S.Ct. 854, 859-860, 79 L.Ed. 1593 (1935), including otherwise exempt homestead property, *Long v. Bullard*, 117 U.S. 617, 620-621, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886). Congress generally preserved this principle when it comprehensively revised bankruptcy law with the Bankruptcy Reform Act of 1978, Pub.L. 95-598, 92 Stat. 2587, 11 U.S.C. § 522(c)(2)(A)(i). But Congress also revised the law to permit the debtor to avoid the fixing of some liens. *See, e.g.*, 11 U.S.C. § 545 (statutory liens).
>
> Section 522(f)(1), by its terms, extends this protection to cases involving the fixing of judicial liens onto exempt property. What specific legislative history exists suggests that a principal reason Congress singled out judicial liens was because they are a device commonly used by creditors to defeat the protection bankruptcy law accords exempt property against debts. As the House Report stated:
>
>> "The first right [§ 522(f)(1) ] allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor. If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions." H.R.Rep. No. 95-595, *supra*, at 126-127, U.S.Code Cong. & Admin.News 1978, pp. 6087-6088.
>
> One factor supporting the view that Congress intended § 522(f)(1) to thwart a rush to the courthouse is Congress' contemporaneous elimination of § 67a of the 1898 Bankruptcy Act, 30 Stat. 564. Prior to its repeal, § 67(a) invalidated any lien obtained on an exempt interest of an insolvent debtor within four months of the bankruptcy filing. The Bankruptcy Reform Act eliminated the insolvency and timing requirements. It is possible that Congress simply decided to leave exemptions exposed despite its longstanding policy against doing so. But

>given the legislative history's express concern over protecting exemptions, it
>follows instead that § 522(f)(1) was intended as a new device to handle the old
>provision's job by "giv[ing] the debtor certain rights not available under current
>law with respect to exempt property." H.R.Rep. No. 95-595, *supra*, at 126,
>U.S.Code Cong. & Admin.News 1978, p. 6087.

For the reasons discussed above, Debtor cannot avoid Schwartz' statutory lien under 11 U.S.C. § 522(f). However, even if statutory liens were avoidable under 11 U.S.C. § 522(f), the Court finds that Debtor would not be able to avoid $5,000.00 of Schwartz' lien.

This Court has previously held that a debtor is only entitled to a proportional interest of the homestead exemption. *In re Moe*, 179 B.R. 654, 14 Mont. B.R. 238 (Bankr. D.Mont. 1995). In *Moe*, this Court held that the debtor, who was a 50% owner of real property, was entitled to 50% of the homestead exemption, or $20,000.00. *Id*. Such finding comports with Mont. Code Ann. § 70-32-104(b), which is unambiguous and provides: "If a claimant who is an owner of an undivided interest in real property claims a homestead exemption, the claimant is limited to an exemption amount proportional to the claimant's undivided interest." The language of the statute clearly reflects, and this Court holds, that Debtor is entitled to a percentage of the homestead exemption that corresponds to her percentage of ownership in the real property.

In this case, Debtor owns a one-sixth interest in the real property. Consequently, Debtor is entitled to one-sixth of the maximum homestead amount, or $16,666.67. Debtor also testified that the entire 115 acres has a value of $130,000.00. Therefore, Debtor's one-sixth interest should be valued at $21,666.67, and not the value asserted by Debtor of $12,000.00. Subtracting $16,666,67 from $21,666.67 reflects that Debtor has $5,000.00 in unprotected equity in the real property. Thus, if Schwartz had a judicial lien, her lien would be allowed to the extent of $5,000.00 and the remainder of the lien, or $82.33 would be avoided.

However, as previously discussed, Schwartz holds a statutory lien, and not a judicial lien. Thus, Debtor is not permitted to avoid Schwartz' lien under 11 U.S.C. § 522(f).

Pursuant to the foregoing, the Court will enter a separate order that provides as follows:

IT IS ORDERED that Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) filed July 31, 2007 is DENIED.

BY THE COURT

/s/ Ralph B. Kirscher

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana